E-FILED
Monday, 22 February, 2021  02:08:49 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN REGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 20-cv-1352-JBM |
| | ) | |
| WEXFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff pleads that he was diagnosed with degenerative disc disease approximately one year prior to the incidents at issue and was prescribed an unidentified pain medication. When the prescription ran out on July 17, 2018, Plaintiff submitted two sick call slips and did not receive a response. After waiting 20 days, Plaintiff filed an emergency grievance. The grievance was denied as representing an emergency, and Plaintiff was instructed to send the grievance to the

Grievance Officer. Plaintiff did so, sending the grievance to Defendant Cox, who recommended that it be denied.

Plaintiff was seen by medical staff on August 20, 2018, at which time his prescription was renewed. He did not timely receive the pain medication, however, as it was not delivered to his cell until August 28, 2018. Plaintiff asserts that over the 41-day period he went without his medication, he suffered extreme pain in his right leg, foot and mid to lower back which affected his sleep and daily activities.

Plaintiff alleges that Wexford "has a habit" of making inmates wait weeks for medication refills and that Pontiac and IDOC have done nothing to stop this practice. Plaintiff criticizes former Pontiac Warden Kennedy and former Director Baldwin for failing to put a stop to this "cruelty", not indicating whether he names Defendants in their personal or official capacities. Plaintiff requests compensatory and punitive damages, as well as costs.

## ANALYSIS

Deliberate indifference a prisoner's serious medical need violates the Eighth Amendment. *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), citing *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. 285 (1976). To the extent Plaintiff's complaint is construed against Defendants Baldwin and Kennedy in their personal capacities, he must plead that Defendants' conduct rose to the level of "punishment," that is, that they acted so dangerously that it may be inferred that they knew of "an impending harm easily preventable." *Antonella v. Sheehan,* 81 F.3d 1422, 1427 (7th Cir. 1996). "To determine if a prison official acted with deliberate indifference, we look into his or her subjective state of mind." *Petties v. Carter*, 836 F.3d 722, 729–30 (7th Cir. 2016), *as amended* (Aug. 25, 2016) (internal citations omitted). The defendant must have actually known of, and disregarded a substantial risk that Plaintiff would suffer harm.

*Id.* at 729–30. Defendants do not become liable merely as a result of their supervisory positions over others, as the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).

Here, Plaintiff names Defendants Baldwin and Kennedy but fails to plead that either had actual knowledge of Plaintiff's condition so as to have been deliberately indifferent and liable in their individual capacities. The Court considers, therefore, whether it was Plaintiff's intent to name Defendants in their official capacities. *See Briggs v. Meadows*, 66 F.3d  56, 61 (4th Cir. 1995)(court to examine the nature of plaintiff's claims where he does not expressly plead against defendants in either personal or official capacities); *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991).

This avenue, too, is unavailing to Plaintiff as "[o]fficial capacity suits, generally represent an action against an entity of which an officer is an agent." *Brandon v. Holt*, 469 U.S. 464, 469 (1985). It is not a suit against the official personally, for the real party in interest is the entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). However, the two potential entity Defendants, IDOC and Pontiac, are not "persons" amendable to suit for money damages under § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[A] state and its agencies are not suable 'persons' within the meaning of section1983…" (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)).[1] *See Wright v. Porter County*, 2013 WL 11761909, *2 (N.D. Ind. Mar. 19, 2013)(dismissing IDOC and the East Moline Correctional Center as not persons amendable to suit under § 1983).

---

[1] *See id*. at n. 10 citing *Kentucky v. Graham,* 473 U.S., at 167, n. 14. However, a state official sued in his official capacity for injunctive relief is considered a "person" under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State."

Furthermore, as agencies of the State of Illinois, IDOC and Pontiac enjoy the State's Eleventh Amendment sovereign immunity. *See Sittig v. Illinois Dept. of Corr.*, 617 F. Supp. 1043, 1044 (N.D. Ill. 1985); *Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars federal court suit for money damages against state prison and Department of Corrections). *See Wittmer v. Peters*, 904 F. Supp. 845, 855 (C.D. Ill. 1995), *aff'd,* 87 F.3d 916 (7th Cir. 1996) (applying Eleventh Amendment sovereign immunity to dismiss claim for money damages against Warden in his official capacity).

Defendants Baldwin and Kennedy are DISMISSED. Plaintiff will be given an opportunity, however, to replead against these individuals in their individual capacities. If Plaintiff does so, he is to plead facts to support that the Defendants were aware of his complaints and deliberately indifferent to them. That is, that they personally participated in the deprivation. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009), "[p]ublic officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job.…the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care."

Plaintiff names Grievance Officer Cox but pleads no direct allegations against her. While he might be asserting that Defendant Cox is liable for recommending that his grievance be denied, an individual does not become liable for an alleged constitutional violation merely by denying a grievance. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir.2007) (rejecting that "anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself…Only persons who cause or participate in the violations are responsible.") *See also, Hoban v. Godinez*, 502 Fed.Appx. 574, 578–79, 2012 WL 5395186, at *4 (7th Cir.

2012)("those who review administrative decisions of others, like the prison grievance officer and the members of the Review Board… are not liable.")

As to Medical Director Rambo, Plaintiff names her in the caption but does not plead any claims against her. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998) (a plaintiff fails to state a claim where he names an individuals in the case caption but does not mention them in the narrative of the complaint). This is so, as "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted).

Plaintiff's complaint against the remaining Defendant Wexford, is that it had a "habit" of denying refills of pain medication in this case and others. Private corporation such as Wexford have potential liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978) if they perform a governmental function and, in doing so, injure plaintiff through an unconstitutional policy or practice. *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying municipal liability to private corporations performing governmental functions). Here, Plaintiff has not pled the existence of a particular policy nor alleged that he was injured through an unofficial policy or custom. As a result, his allegations against Wexford are insufficient to place Defendant on notice of the claims against it. *McCauley v. City of Chicago*, 671 F.3d 611, 617-18 (7th Cir. 2011) (a plaintiff must plead a sufficient factual basis for a *Monell* claim). *See also*, *Olive v. Wexford Corp.*, 494 Fed. Appx. 671, 672–73 (7th Cir. 2012) (bare allegations that Wexford had an unconstitutional policy or practice, "does not identify any concrete policy, let alone an unconstitutional one; it is more in the nature of an insult than the sort of allegation required by *Monell* and *Twombly,* 550 U.S. 544."); *Taylor v. Wexford Health Sources, Inc.*, No.15-5190, 2016 WL 3227310, at *4 (N.D. Ill. June 13, 2016)

(dismissing *Monell* claim where "allegations of Wexford's policies and practices are vague and broad, lacking in sufficient detail to put Wexford on notice of the claim against it.") Plaintiff's complaint fails to provide this notice and his complaint is DISMISSED, though he will be given leave to amend.

**IT IS THEREFORE ORDERED:**

1.     Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2.     Plaintiff files [4], a motion for recruitment of pro bono counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55(7th Cir. 2007). [4] is DENIED at this time. In the event that Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel.

3.     Plaintiff files [5], a motion to seal the case, indicating that he wishes to keep his protected health information private. The Court does not, generally, approve of the filing of documents under seal. CDIL-LR 5.10(A)(2). The Court is to seal only after determining good cause for sealing the record. *Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). Here, Plaintiff fails to establish good cause. Furthermore, if the case were sealed the parties would not be able to avail themselves of the e-filing system. CDIL-LR 5.10(A)(3). Plaintiff is informed, however, that if he files an amended complaint which survives merit review, the Court will issue a HIPAA order restricting the use and publication of his medical information. [5] is otherwise DENIED.

2/22/2021
ENTERED

s/ Joe Billy McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE