E-FILED
Monday, 02 August, 2021  02:26:41 PM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHN REGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No.: 20-cv-1352-JBM** |
| | ) | |
| **WEXFORD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>MERIT REVIEW – AMENDED COMPLAINT</u>

Plaintiff, proceeding *pro se*, files an amended complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff pleads that on an unidentified date, Pontiac physician, Defendant Dr. Tilden, diagnosed him with degenerative disc disease. Defendant Tilden described Plaintiff's condition as chronic, ordering pain medication and referring him to the chronic clinic. On July 17, 2018, the prescription for the unidentified pain medication ran out. Plaintiff submitted two sick call

slips and received no response. After waiting 20 days, Plaintiff filed an emergency grievance which was denied as an emergency. Plaintiff provides a copy of the grievance [ECF 10 at 9], which contained Counselor's Cox's recommendation that it be denied as an emergency and that Plaintiff submit it to the grievance office. Pontiac Chief Administrative Officer, Teri Kennedy signed-off, approving the recommendation.

On August 20, 2018, Plaintiff was seen by medical staff and the prescription was renewed. The unidentified medication was not delivered to his cell, however, until August 28, 2018. Plaintiff asserts that over the 41-day period he went without his medication, he suffered extreme pain in his right leg, foot and mid to lower back.

Plaintiff claims that he sent written requests to Defendant Tilden, asking that the prescription be renewed, and received no response. Plaintiff asserts that Defendant knew of his chronic condition and the need for the medication and that it was his responsibility to make sure the prescription did not lapse. Plaintiff also asserts claims against Defendant Nicki Rambo whom he identifies as both the Healthcare Administrator and Director of Nursing. Plaintiff asserts that Defendant Rambo did not reply to his requests, failed to provide an effective sick call system, and denied his grievance as an emergency.

Plaintiff alleges against Defendant Wexford that it did not have a policy to ensure that inmates promptly received prescribed medications. Plaintiff asserts that it takes an average of seven days from the date in which medication is ordered for it to be received. The only fact Plaintiff pleads in support, however, references the eight-day delay in his own case. Plaintiff requests injunctive relief, as well as compensatory and punitive damages.

**ANALYSIS**

Deliberate indifference a prisoner's serious medical need violates the Eighth Amendment. *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), citing *Estelle v. Gamble*, 429 U.S. at 104, 97 S. Ct. 285 (1976). "To determine if a prison official acted with deliberate indifference, we look into his or her subjective state of mind." *Petties v. Carter*, 836 F.3d 722, 729–30 (7th Cir. 2016), *as amended* (Aug. 25, 2016) (internal citations omitted). The defendant must have actually known of and disregarded a substantial risk that Plaintiff would suffer harm. *Id. at* 729–30. Defendants do not become liable merely as a result of their supervisory positions over others, as the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).

Here, Plaintiff names Defendant Tilden, but fails to plead that Defendant knew that the prescription had lapsed so as to have been deliberately indifferent to him. While Plaintiff claims he wrote to Defendant Tilden, he offers no details and does not plead facts to support that Defendant received such messages. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Ames v. Randle,* 933 F.Supp.2d 1028, 1037–38 (N.D.Ill.2013) (quoting *Sanville,* 266 F.3d at 740). "Simply receiving correspondence from a prisoner" does not make a prison official liable for the alleged infraction. *Norington v. Daniels,* No. 11-282, 2011 WL 5101943, at *2–3 (N.D. Ind. Oct. 25, 2011).

Plaintiff asserts, in essence, that after ordering medication, Defendant Tilden became obligated *in futuro,* to make sure the prescription did not lapse. Plaintiff offers nothing to support this allegation which likely would not give rise to a colorable negligence claim, much less the higher deliberate indifference standard.

Plaintiff asserts against Defendant Rambo that she did not respond to his requests, failed to provide an effective sick call system, and denied his grievance as an emergency. Here, again, Plaintiff fails to sufficiently plead that Defendant had actual knowledge of his situation. *Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (a plaintiff cannot "establish personal involvement and subject a prison official to liability under section 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates.") While Plaintiff further claims that Defendant Rambo denied his emergency grievance, he fails to support this, having provided a copy of the grievance which does not contain Defendant's name anywhere on it.

Plaintiff also alleges that Defendant Rambo was deliberately indifferent for not providing an adequate sick call system. A prison employee may be held liable in his individual capacity for the failure "to develop and implement policies and/or procedures that would have prevented Plaintiff from suffering [harm]…" *Willis v. Tejeda*, No.14-9150, 2016 WL 6822662, at *4 (N.D. Ill. Nov. 18, 2016). However, there are no allegations showing a nexus between the absence of a sick call system and the non-renewal of the prescription. The sick call procedure available and used by Plaintiff is a reasonable alternative to handle prescription refills. Here, there are no allegations that any of the named Defendants was aware of, and accountable for, the alleged failure of a sick call process for refilling prescriptions.

Here, as in any deliberate indifference claim, Plaintiff must successfully plead that Defendant knew of and disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This is so, even where the risk is one that the official should have perceived but did not…" *Id*. at 838.Here, Plaintiff does not adequately plead that Defendant Rambo was aware that Plaintiff was not receiving his medication so as to have been deliberately indifferent.

Plaintiff alleges against Defendant Wexford that it did not have a policy to ensure that inmates promptly received prescribed medications. Wexford may be liable under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978), for the failure to enact a policy. *Watson v. Indiana Dep't of Correction*, No.18-02791, 2020 WL 5815051, at *4 (S.D. Ind. Sept. 30, 2020) (citing *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017)). "But proving *Monell* liability based on an absence of policy is difficult, because 'a failure to do something could be inadvertent and the connection between inaction and a resulting injury is more tenuous,' and, therefore 'rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the action of its employee.'" *Watson*, 2020 WL 5815051 at *4. To sustain such a claim, a plaintiff must show that Defendant Wexford had "'actual or constructive knowledge that its agents [such as those administering the sick call procedure] will probably violate constitutional rights' in the absence of a [relevant] policy." *Id*. at *4. In addition, to establish liability for the absence of a policy, a plaintiff must provide "more evidence than a single incident[,]"as is pled here. *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). *See id*. (noting the Supreme Court's caution against drawing an inference that "the

5

absence of a policy might reflect a decision to act unconstitutionally….") . Plaintiff makes no such showing here.

While Plaintiff might well have a justiciable claim, he has not named Defendants who could reasonably be presumed to have been aware that he was not receiving his medication and who would have been empowered to rectify the situation. It is the Court's understanding that nurses and certified medical technicians routinely make rounds and pass out medication in the housing units. While it is unclear whether these individuals would have had the responsibility to dispense the renewed prescription, Plaintiff does not plead that he made complaints to any of them. Plaintiff also does not indicate the circumstances under which he submitted the sick call slips. Furthermore, he does not claim that he voiced his complaints, if indeed, he was seen in the chronic clinic during the 40 days he went without his medication. Merely sending correspondence to an individual who might not have received it is not enough to establish constitutional liability.

Plaintiff's complaint is DISMISSED. He will be given an opportunity to file a second amended complaint, consistent with this ruling.

**IT IS THEREFORE ORDERED:**

Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given a final opportunity, within 30 days, to file a second amended complaint. The second amended complaint is to stand complete on its own without reference to a prior pleading. The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

8/2/2021
ENTERED

s/ Joe B. McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE